UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:11-cr-00177 |
| ) | |
| v. ) | Honorable Janet T. Neff |
| ) | |
| TYJUAN DION WALLACE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### REPORT AND RECOMMENDATION

Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a plea hearing in the captioned case on December 30, 2011, after receiving the written consent of defendant and all counsel. At the hearing, defendant Tyjuan Dion Wallace entered a plea of guilty to the Superseding Information in exchange for the undertakings made by the government in the written plea agreement. In the Superseding Information, defendant is charged with unlawful use of a communications facility in violation of 21 U.S.C. §§ 843(b) and 841. On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; and that the defendant understands the nature of the charge and penalties provided by law.

Although the court stated otherwise at the plea hearing on Friday, December 30, 2011, the undersigned also concludes that there is a factual basis for the plea. The only dispute is

that the defendant refused to admit that he had knowledge that the substance transferred to the undercover detective contained crack cocaine and/or cocaine. He claimed his only knowledge was that the substance delivered to an undercover detective was baking soda and that he had no knowledge it contained any cocaine base, also known as crack cocaine. However, the government stated on the record that the delivered substance did indeed contain some quantity of crack cocaine, and defendant did not put forward any evidence to dispute the findings of the Micigan State Police laboratory. I therefore find that the plea had a sufficient factual basis under Fed. R. Crim. P. 11(b)(3).

In *North Carolina v. Alford*, 400 U.S. 25 (1970), the Supreme Court found that a defendant advised by competent counsel may intelligently conclude that he should plead guilty to a lesser charge rather than to face a more serious charge with more serious penalties. The court commits no constitutional error in accepting a guilty plea despite defendant's claim of innocence where there is also strong evidence of actual guilt. Here, in the court's opinion, the defendant has been very competently represented and defendant's decision is knowing, voluntary and intelligent. The defendant, a relatively young man, faced potentially a mandatory life sentence if convicted on the charge in the original indictment. The undersigned also concludes that the evidence of defendant's actual guilt is strong.

Fed. Rule Crim. P. 11(a)(3) provides that before accepting a nolo contendere plea the court consider the parties' views and the public interest in the administration of justice. In this case, however, defendant's plea is really an *Alford* plea since he is pleading guilty to a lesser charge while claiming innocence as to one element of the charge. I also find the standard under Rule 11(a)(3) has been met as apparently both parties agree to defendant's entry of an *Alford* plea and in the opinion

of the undersigned it advances the public interest in the administration of justice. Notwithstanding the sometimes salutary effect of the sentencing guidelines, the undersigned finds a potentially mandatory life sentence somewhat draconian given all of the circumstances of this case.

I therefore recommend that defendant's plea of guilty to the Superseding Information be accepted, that the court adjudicate defendant guilty, and that the written plea agreement be considered for acceptance at the time of sentencing. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.


Date:  January 3, 2012                               /s/ Ellen S. Carmody
                                                     ELLEN S. CARMODY
                                                     United States Magistrate Judge


### NOTICE TO PARTIES

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than 14 days after the plea hearing. *See* W.D. MICH. L.CR.R. 11.1(d).